UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FREEMAN DECORATING CO. | CIVIL ACTION |
| VERSUS | NO:    02-2103 |
| ENCUENTRO LAS AMERICAS TRADE CORPORATION, THE CITY OF NEW ORLEANS THROUGH THE OFFICE THE MAYOR, METROVISION PARTNERSHIP FOUNDATION, THE INTER-AMERICAN DEVELOPMENT BANK, THE INTER-AMERICAN INVESTMENT CORPORATION, AND JULIO H. GUICHARD, JR. | SECTION: "C" (1) |

## ORDER AND REASONS

Before the Court is plaintiff's Motion for Order Directing the Mayor of New Orleans to Satisfy Judgment and to Authorize Issuance of a Writ of Fieri Facias Through the United States Marshall. (Rec. Doc. 156).  The motion is opposed by defendant City of New Orleans. (Rec. Doc. 161).  This matter was taken under advisement on the briefs, without oral argument.  Based on the memoranda of parties, the record, and the applicable law, this Court DENIES plaintiff's motion.

**I.     Background**

On July 9, 2002, Freeman filed a complaint to collect outstanding payments against six defendants: (1)Encuentro Las Americas Trade Corporation ("Encuentro"); (2) The City of New Orleans ("New Orleans"); (3) Metrovision Partnership Foundation ("Metrovision"); (4)

Inter-American Development Bank; (5) Inter-American Investment Corporation; and (6) Julio H. Guichard, Jr. Plaintiff claimed he was owed $203,070.27 in outstanding payments for services provided in connection with a meeting of the Board of Governors of the Inter-American Development Bank and the Inter-American Investment Corporation. (Rec. Doc. 156). Plaintiff provided services pursuant to a contract between the plaintiff and ultimately, the City of New Orleans. (Rec. Doc. 129). On October 9, 2006, the motions of Inter-American Development Bank, Inter-American Investment Corporation and Julio Guichard to dismiss were granted. (Rec. Doc. 23.). On August 24, 2005, this Court granted plaintiff's motion for summary judgment as to liability against the City of New Orleans and terminated Metrovision as a defendant. (Rec. Doc. 129). On May 11, 2006, there was a trial on the amount of damages owed to plaintiff with only one witness. (Rec. Doc. 140). On May 31, 2006, this Court entered judgment in favor of Freeman for $203,070.27, the amount sought in its original complaint. (Rec. Doc. 142.).

## II.     Law and Analysis

Federal Rule of Civil Procedure 69(a) provides in pertinent part:

> Process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise. The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution <u>shall be in accordance with the practice and procedure of the state in which the district court is held</u>, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable.

*Id*. (emphasis added). Rule 69(a) permits a judgment creditor to use any method of execution consistent with the practice and procedure of the state in which the district court sits. *Peacock v. Thomas*, 516 U.S. 349, 359 n. 7 (1996).

Louisiana law contains an "anti-seizure" statute whereby, "no public property or public

funds shall be subject to seizure.... No judgment against the state, a state agency, or a political subdivision shall be exigible, payable, or paid except from funds appropriated therefor by the legislature or by the political subdivision against which the judgment is rendered." La. Const. Art. 12, §10(C).  The Louisiana courts have held that a "judgment creditor of a political subdivision of the State has no way to collect on a judgment absent appropriation of funds by the political subdivision" for the purpose of paying judgments. *See Vogt v. Bd. of Comm'rs of the Orleans Levee Dist.*, 814 So.2d 648, 654 (La.App. 4th Cir. 2002); *see also* LSA-R.S. § 13:5109 B(2)( "Any judgment rendered in any suit filed against ... a political subdivision ... shall be exigible, payable, and paid only out of funds appropriated for that purpose ... by the named political subdivision."); *Baudoin v. Acadia Parish Police Jury*, 702 So.2d 715, 718 (La.App. 3d Cir. 1997); *Foreman v. Vermilion Parish Police Jury*, 336 So.2d 986, 988 (La.App. 3d Cir. 1976)("[P]roperty owned by a political subdivision ... is not subject to seizure and sale under a writ of fieri facias issued to satisfy a money judgment rendered against that political subdivision .").

The Fifth Circuit has clarified that where a <u>sufficient federal interest</u> is at stake, a federal court may enforce a judgment against a state or political sub-division despite a state's anti-seizure statute.  *See e.g.*, *Specialty Healthcare Mgmt. v. St. Mary Parish Hosp.*, 220 F.3d 650, 653 (5th Cir.2000)(holding that claim governed by Federal Arbitration Agreement was an insufficient federal interest to justify writ of execution); *Gates v. Collier*, 616 F.2d 1268 (5th Cir. 1980)(affirming district court order to pay judgment despite state anti-seizure statute because of Congressional intent in enacting civil rights statute).  A sufficient federal interest has been found, for example,  in civil rights claims where Congress specifically intended to trump state law.  *See Gates v. Collier*, 616 F.2d 1268 (5th Cir. 1980)(ordering payment of attorney fees for prison condition claims brought

under Section 1983); *Gary W. V. State of Louisiana*, 622 F.2d 804 (5th Cir. 1980)(upheld order to pay for damages for the unconstitutional placement of Louisiana children in Texas institutions). The primary question is whether there is a "Federal interest in the remedy" itself. *Specialty Healthcare Mgmt.,* 220 F.3d at 650.

Plaintiff claims this matter presents "a substantial Federal interest" arising from federal jurisdictional statutes , executive orders and treaties governing two of the named defendants in this case: the Inter-American Development Bank and the Inter-American Investment Corporation. (Rec. Doc. 162 at 4). *See e.g.,* 28 U.S.C §283(f) and 283(g)(g) respectively (noting federal courts have "original jurisdiction and these international entities "may remove" a matter to federal court from state court.)  Both of the international defendants, however, were dismissed as parties to the case prior to judgment. (Rec. Doc. 23).   Under *Specialty Healthcare,* the federal interest must be specifically focused on enforcing the remedy.  Since the two defendants who created the federal interest were dismissed prior to judgment, there is no federal interest in enforcing the judgment that followed.

Plaintiff also argues that there is a general federal interest in this case because of the context in which the contract at issue was concluded.  Plaintiff had a contract for services with, ultimately, the City of New Orleans.  The City of New Orleans was the Executing Agent for the United States under a tripartite Memorandum of Understanding, signed by the Inter-American Development Bank, the U.S. Government, and the City of New Orleans.  The dispute in this case, however, ultimately concerned a contract between two domestic parties, namely the plaintiff and the City of New Orleans. (Rec. Doc. 129 at 16).  The United States government and the international defendants were not parties to the contract.   *Id*.  The claim on which Freeman was ordered judgment was

4

essentially a state law claim for breach of contract and this Court found the City of New Orleans liable for that breach. No international implications flow from that judgment and therefore, there is no federal interest in enforcing that judgment.

If plaintiff had obtained this judgment from a state court, he would be in the same predicament. It is with good reason that this federal court is restricted to the same power and authority as state courts when adjudicating claims made under state law. At the same time, it borders on the absurd that a political sub-division of this state may negotiate a contract for services, receive those negotiated-for services, then never have to pay because there is "no coercive means" to collect an outstanding payment. *See  Vogt*, 814 So.2d at 655. "This court recognizes and sympathizes with plaintiff['s] plight in getting a judgment against the State or political subdivision satisfied. Nonetheless, this court is without constitutional or statutory authority to compel the [City of New Orleans] to pay the judgment rendered against it." *Id.* at 656.

New Orleans, Louisiana, this 12th day of November, 2008.

_____
**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**