UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FREEMAN DECORATING CO.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 02-2103** |
| **ENCUENTRO LAS AMERICAS TRADE CORPORATION, ET AL.** | **SECTION: "C" (1)** |

**ORDER AND REASONS**[1]

Before the Court is Plaintiff Freeman Decorating Co.'s ("Freeman") renewed Motion for Order Directing the Mayor of New Orleans to Satisfy Judgment and to Authorize Issuance of a Writ of Fieri Facias Through the United States Marshall. (Rec. Doc. 175). Defendant City of New Orleans (the "City") opposes this motion. (Rec. Doc. 191). After reviewing the motions of the parties, the record, and the applicable law, this Court DENIES Freeman's motion for the following reasons.

### I. Background

On May 31, 2006, this Court entered a judgment in favor of Freeman for $203,070.27. (Rec. Doc. 142). After unsuccessfully attempting to enforce the judgment, Freeman moved for this Court to grant a writ of *fieri facias* pursuant to Federal Rule of Civil Procedure 69(a), ordering the City to pay Freeman the judgment owed. (Rec. Doc. 156). On November 12, 2008, this Court denied Freeman's first writ of *fieri facias*. *Freeman Decorating Co. v. Encuentro Las Americas Trade Corp.*, No. 02-2103, 2008 WL 4922072 (E.D. La. Nov. 12, 2008), *aff'd* 352 Fed. App'x 921 (5th Cir. 2009). Since then, the parties have engaged in post-judgment

---

[1] Sami Dudar, a third-year law student at the University of Georgia School of Law, assisted in the drafting of this order.

discovery, with whose quality Freeman is dissatisfied.  (Rec. Doc. 175-2 at 3-4).  On January 30, 2011, Freeman renewed its motion to enforce its judgment.  (Rec. Doc. 175).

## II.  Law and Analysis

Following the United States Court of Appeals for the Fifth Circuit's guidance, Freeman argues that a writ of *fieri facias* in its favor is no longer premature because the City's behavior has reached the appropriate level of recalcitrance to warrant the writ.  Specifically, Freeman claims that the City's compliance with its discovery requests has not been "forthcoming" for almost one year, thereby evidencing the requisite "recalcitrance" under *Gates v. Collier*, 616 F.2d 1268 (5th Cir. 1980).  (Rec. Doc. 175-2 at 3).

The Fifth Circuit's resolution in *Freeman*, 352 Fed. App'x at 921, is dispositive of the issue before this Court.  There, the court identified that a federal court sitting in diversity may enforce a money judgment against a public entity and trump Louisiana's constitutional anti-seizure provision if the court finds there is a sufficient federal interest in the remedy.  *Freeman*, 352 Fed. App'x at 923.  Under *Gates*, a sufficient federal interest in enforcing a remedy against a state exists "where a state expresses its unwillingness to comply with a valid judgment of a federal district court," rising to the level of "recalcitrance."  616 F.2d at 1271-72.  The Fifth Circuit clarified in *Freeman* that the City would demonstrate the *Gates* level of "recalcitrance" if Freeman presented evidence "indicating that the City intends to never satisfy the judgment." 352 Fed. App'x at 925.

Although, as this Court has noted before, the City's conduct is not above reproach, *Freeman*, 2008 WL 4922072, at *3, Freeman has not shown that the City never intends to satisfy the judgment.  Freeman principally relies on its dissatisfaction with the City's responses to its

post-judgment discovery requests as the basis for recalcitrance under *Gates*. (Rec. Doc. 175-2 at 3-4). Freeman submits two such instances: (1) a letter dated December 31, 2010 that states "no information has been forthcoming" regarding discovery requests–pertaining to five interrogatories–made on March 8, 2010, Rec. Doc. 175-5; and (2) a letter dated May 27, 2011 that states that the City has not answered Freeman's discovery requests from May 13, 2011. (Rec. Doc. 211 at 8).

Freeman's argument is unpersuasive for several reasons. First, contrary to Freeman's main basis for recalcitrance under *Gates*, the City has submitted evidence that, on June 16, 2010, it complied with Freeman's March 8, 2010 requests. (Rec. Doc. 191-4 at 5). Second, it appears that the next time Freeman submitted more discovery requests–based on the City's June 16, 2010 answers–was in mid-May 2011. (Rec. Doc. 191-4 at 18). It is only these May 2011 requests, with which the City has apparently not yet complied. However, this Court cannot conclude that the City has no intention ever to satisfy the judgment based on an unanswered recent discovery request, when the City has otherwise responded to Freeman's discovery requests and evidently placed Freeman "'on the list and when the money is appropriated and it is up, it will be paid.'" (Rec. Doc. 191-4 at 18) (May 13, 2011 letter from Freeman to City, quoting Deputy City Attorney).

## III. Conclusion

Accordingly,

IT IS ORDERED that Plaintiff's Motion for Order Directing the Mayor of New Orleans to Satisfy Judgment and to Authorize Issuance of a Writ of Fieri Facias Through the United States Marshall is DENIED.

New Orleans, Louisiana, this 29th of July, 2011.

                                        HELEN G. BERRIGAN
                                      UNITED STATES DISTRICT JUDGE