UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FREEMAN DECORATING** | **CIVIL ACTION** |
| **VERSUS** | **NO: 02-2103** |
| **ENCUENTRO LAS AMERICAS TRADE CORPORATION, THE CITY OF NEW ORLEANS THROUGH THE OFFICE OF THE MAYOR, METROVISION PARTNERSHIP FOUNDATION, THE INTER-AMERICAN DEVELOPMENT BANK, THE INTER-AMERICAN INVESTMENT CORPORATION, AND JULIO H. GUICHARD, JR.** | **SECTION: "C" (1)** |

## ORDER AND REASONS

Before the Court is Plaintiff Freeman Decorating Co.'s Motion for Reconsideration Pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. (Rec. Doc. 213). Having considered the facts, the memoranda of parties, and the law, this Court DENIES Plaintiff's Motion for the following reasons.

This Court granted judgment in favor of Plaintiff in 2006 and 2007. (Rec. Docs. 143, 152). Plaintiff then filed a Motion to Enforce Judgment, which this Court denied. (Rec. Docs. 156, 165). Plaintiff appealed and the Fifth Circuit affirmed. *See Freeman Decorating Co. v. Encuentro Las Americas Trade Corp.*, 352 Fed. Appx. 921 (5th Cir. 2009). Plaintiff then renewed the motion to enforce, under the title "Motion for Order Directing the Mayor of New Orleans to Satisfy Judgment and to Authorize Issuance of a Writ of Fieri Facias Through the United States Marshall," which this Court again denied. (Rec. Docs. 175, 212). Plaintiff now asks this Court to reconsider its denial of that Motion. (Rec. Doc. 213).

Rule 60(b) provides six grounds upon which this Court may grant relief from a final

judgment, order, or proceeding: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which could not have been discovered by due diligence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from the operation of the judgment." *Diaz v. Turner*, 2004 WL 2533196, at *2 (N.D. Tex. 2004); *see* Fed. R. Civ. P. 60(b). "Disposition of a Rule 60(b) motion is committed to the sound discretion of the trial court." *Coleman v. Cain*, 2009 WL 3400462, at *3 (E.D. La. 2009). In addition, the need to uphold the finality of judgments warrants that relief under this motion will be granted only if extraordinary circumstances are present. *See Gonzales v. Grosby*, 545 U.S. 524, 525 (2005).

Plaintiff has not argued that its Motion should be granted on any ground other than 60(b)(6), and this Court finds that none of these other grounds are applicable here. (Rec. Doc. 212). Nor does the Court find that it should be granted under 60(b)(6). In the instant Motion, Plaintiff argues that this Court incorrectly denied Plaintiff's request for an order directing the Mayor of New Orleans to satisfy the Court's judgment and to authorize a writ of *fieri facias* through the United States Marshall because Defendants have exhibited the requisite level of "recalcitrance" toward satisfying that judgment under *Gates v. Collier*, 616 F.2d 1268 (5th Cir. 1980). (Rec. Docs. 175, 213-3). Plaintiff argues that this Court failed to address "the two prongs of the Court of Appeals' *Gates* standard, focusing "solely upon the ancillary and lesser issue of whether the City of New Orleans failed to respond to discovery." (Rec. Doc. 213-3 at 2). Plaintiff argues that recalcitrance is evidenced by the state official or city's (1) failure to timely pass legislation for the payment of the obligation, or (2) set a date certain for the payment of that obligation. Plaintiff summarized these two alternative standards for determining whether a court must order a state official to satisfy a payment as the "opportunity standard" and the "date specific standard." (Rec. Doc. 213-3 at 2).

2

Plaintiff cites not to *Gates* for these standards, but rather directs the Court to its initial Motion. (Rec. Doc. 213-3 at 2-3, footnote 3).

The *Gates* court held that "where a state expresses its unwillingness to comply with a valid judgment of a federal district court, the court may use any of the weapons generally at its disposal to ensure compliance." *Gates*, 616 F.2d at 1271. The court employed synonyms of "unwillingness" such as "recalcitrance" and "obstinance" to characterize the defendants' behavior in that case, which it described as follows: "Defendants have made it abundantly clear that they intend to resist the judgment until the bitter end." *Gates*, 616 F.2d at 1271-1272. The court also stated that "[t]heir position is, in effect, you can order us to pay, but you can't make us pay if we don't want to." *Gates*, 616 F.2d at 1271. The court provided no further details about those defendants' actions, nor did it elaborate on its standard for "unwillingness" to satisfy a court's judgment.

In its Motion for Reconsideration, Plaintiff points to no portion of *Gates* indicating a two-pronged test. Plaintiff cites to other authority that merely affirms the holding in *Gates*. *See, e.g., Gary W. V. State of Louisiana*, 622 F.2d 804, 85, 807 (5th Cir. 1980) (affirming district court's order directing state official to satisfy judgment because defendants "refused to accede to plaintiffs' demands for payment," an action which court equated to that of defendants in *Gates*). The Court concedes that it looked primarily to Plaintiff's dissatisfaction with Defendants' post-judgment discovery requests in denying Plaintiff's initial motion, and that it did not specifically address Plaintiff's argument that Defendants failed to appropriate funds for payment of the judgment, and failed to set a date certain for payment. (Rec. Doc. 212 at 2-3). However, these arguments do nothing to change the outcome because they fail to meet the *Gates* standard for issuing an order requiring a state or city official to comply with a judgment. None of the Defendants' actions rise to the level of making it "abundantly clear that they intend to resist the judgment." *Gates*, 616 F.2d

3

at 1271-1272. Plaintiff points to no evidence that Defendants have ever "expresse[d] its unwillingness to comply" with this Court's judgment. *Gates*, 616 F.2d at 1271. Indeed, Defendants have indicated that they intend to pay the judgment. (Rec. Doc. 212, 191-4 at 8).

Accordingly,

IT IS ORDERED that Motion for Reconsideration Pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure filed by Plaintiff is DENIED. (Rec. Doc. 213).

New Orleans, Louisiana, this 27th day of December, 2011.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**

4